**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **NORDSTROM, INC.,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: GJH-18-3080 |
| **DEBORAH SCHWARTZ,** | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Nordstrom, Inc. brings suit against Defendant Deborah Schwartz for trespass to chattel, tortious interference with prospective advantage, intentional misrepresentation, intentional misrepresentation – concealment or non-disclosure, and fraud. ECF No. 1. The allegations all relate to transactions she engaged in between 2014 and 2016. *Id.* Pending before the Court is Defendant's Motion to Dismiss. ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, the Motion to Dismiss is granted, and the Complaint is dismissed without prejudice.

**I.     BACKGROUND[1]**

Plaintiff is a corporate entity with both physical store locations and an online ordering system. ECF No. 1 ¶¶ 1, 7. Between 2014 and 2016, Defendant engaged in 5,809 transactions with Plaintiff during which Defendant misrepresented material facts about her purchases to benefit financially through Plaintiff's price adjustment and return process. *Id.* ¶ 6. Specifically, Defendant would purchase a product at full price and then engage in multiple transactions, such

---
[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

as price adjustments or returns, to create a "clean" proof of purchase (POP) which did not show the item's history of returns or price adjustments. Defendant would then use the "clean" POP to her financial advantage at a later point. *Id.* ¶ 9. The scheme involved various strategies, including requesting price adjustments on a product that she had already returned for the full sale amount or purchasing an item online for its full sale price, requesting and receiving price adjustments on the item, and then eventually returning the item using the original POP to receive a refund of the full sale amount. *Id.* ¶ 10.

Defendant conducted her activities over the phone, online, and in person across numerous store locations and fulfillment centers throughout the country, and she used at least twenty-seven different credit cards, three gift cards, two email addresses, and six online customer profiles. *Id.* ¶¶ 11, 12. Due to her deception, Plaintiff was unable to discover Defendant's scheme until approximately December 2016. *Id.* ¶ 13. The scheme caused Plaintiff a direct loss of approximately $630,000.00. *Id.* ¶ 1.

On October 5, 2018, Plaintiff filed suit in this court alleging claims of trespass to chattel ("Count I"), tortious interference with prospective advantage ("Count II"), intentional misrepresentation ("Count III"), intentional misrepresentation – concealment or non-disclosure ("Count IV"), and fraud ("Count V") against Defendant. ECF No. 1. On December 21, 2018, Defendant filed a Motion to Dismiss. ECF No. 10. Plaintiff filed an opposition on January 4, 2019, ECF No. 11, and Defendant filed a reply on January 18, 2019, ECF No. 12.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal

of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo,* No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox,* 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50 (1989)). Where, as here, the Defendant raises a statute of limitations defense, the defense is an appropriate ground for granting a motion to dismiss where the expiration of the relevant statute of limitation "is

apparent from the face of the complaint." *Wright v. United States Postal Serv.*, 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984)).

Additionally, to state a claim sounding in fraud, a party must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires "that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249–50 (D. Md. 2000); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (describing the "who, what, when, where, and how" of the fraud claim). Despite these heightened requirements, "a court should hesitate to dismiss if it finds (1) that the defendant[s] [have] been made aware of the particular circumstances for which [they] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 505 (D. Md. 2002) (describing pleading requirements in case of fraudulent conveyance) (internal citations omitted).

## III. DISCUSSION

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim, asserting that the Complaint fails to meet the basic pleading requirements of Rule 8(a)(2) and fails to plead the fraud-based claims with particularity as required by Rule 9(b). ECF No. 10-1 at 5–9.[2] Defendant contends further that even if Plaintiff has properly pled its claims, any claims based on conduct that occurred prior to October 6, 2016 are barred by the applicable statute of limitations. *Id.* at 10.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

### A. Trespass to Chattel (Count I)

In Maryland, a "trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." Restatement (Second) of Torts § 217; *see also Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 697 (D. Md. 2011) (stating that Maryland "rel[ies] heavily on the Restatement (Second) of Torts" in defining a trespass to chattel claim).[3] "To state a claim for trespass to chattels…, a plaintiff must be entitled to rightful possession." *Griaznov v. J-K Techs., LLC*, No. ELH-16-2522, 2017 WL 915000, at *13 (D. Md. Mar. 8, 2017).

Here, Plaintiff does not plausibly allege trespass to chattel via dispossession, which "may be committed by intentionally…obtaining possession of a chattel from another by fraud…" Restatement (Second) of Torts § 221(b). The Complaint alleges that "Defendant obtained possession of Plaintiff's merchandise by fraud when Defendant purchased an item with the sole intent of obtaining price adjustments and refunds in excess of what Defendant paid for the item in order to make a profit." ECF No. 1 ¶ 15. There are no allegations, however, that Defendant made any fraudulent statements when she obtained Plaintiff's merchandise. It appears from the Complaint, that at the time of each purchase, Defendant paid the appropriate price and then received the item. Plaintiff makes no allegation that Defendant made any representation regarding what she intended to do with the items purchased; rather, Plaintiff's allegation is that

---

[3] The Complaint alleges conduct that occurred in several jurisdictions, but the parties do not discuss which jurisdiction's law should apply to the substantive issues in this case. As a federal court exercising diversity jurisdiction, this Court must apply the forum state's choice of law rules. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F. 3d 581, 599–600 (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)). In tort actions, Maryland courts apply the substantive law of the place where the wrong occurred. *Erie Ins. Exch, v. Heffernan*, 399 Md. 598, 624–25 (2007) (citing *Hauch v. Connor*, 295 Md. 120, 123–24 (1983)). "[W]here the events giving rise to a tort action occur in more than one State, we apply the law of the State where injury—the last event required to constitute the tort—occurred." *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 615 (2006). Because at least some of the conduct giving rise to liability occurred in Maryland, the Court will apply Maryland's substantive law for the purpose of resolving this Motion to Dismiss.

Defendant made fraudulent statements when she later attempted to obtain money from Plaintiff in the form of price adjustments and refunds. Because it is not alleged that *possession* of the items was achieved by fraud, the Complaint does not allege dispossession of chattel by fraud.

Likewise, Plaintiff does not plausibly plead trespass to chattel via use or intermeddling when in the possession of another, which occurs when "the chattel is impaired as to its condition, quality, or value," or "the possessor is deprived of the use of the chattel for a substantial time." Restatement (Second) of Torts §§ 218(a), (c); *see also Ground Zero Museum Workshop*, 813 F. Supp. 2d at 697. The Complaint alleges that "Defendant deprived Plaintiff of the use of the merchandise for a substantial period of time as Defendant waited for the price of the item to drop so Defendant could request multiple price adjustments," *id.* ¶ 17, and "the value of said merchandise decreased" as a result, *id.* ¶ 16. However, because a trespass to chattel by intentional use or intermeddling requires that the chattel be in the plaintiff's rightful possession and, as indicated above, Defendant, having purchased the item through lawful means, was in rightful possession of the property when any diminution of value occurred, Plaintiff does not allege trespass to chattel via intermeddling. The Complaint therefore does not plead a plausible trespass to chattel claim and Count I must be dismissed.

### B. Tortious Interference with Prospective Advantage (Count II)

Under Maryland law, tortious interference with prospective advantage and tortious interference with business relationships are the same tort. *See Kwang Dong Pharm. Co. v. Han*, 205 F. Supp. 2d 489, 497 (D. Md. 2002) (citing *Med. Mut. Liab. Ins. Soc'y v. B. Dixon Evander and Assocs.*, 331 Md. 301, 304 n.4 (1993)). Both require the plaintiff to allege "(1) intentional and willful acts; (2) calculated to cause damage to the plaintiff[] in [its] lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on

the part of the defendant[] (which constitutes malice); and (4) actual damage and loss resulting." *Audio Visual Assocs., Inc. v. Sharp Elecs. Corp.*, 210 F.3d 254, 261 (4th Cir. 2000) (quoting *Alexander & Alexander, Inc. v. B. Dixon Evander & Assocs., Inc.*, 336 Md. 650 (1994)) (internal quotations omitted). The plaintiff "must identify a possible future relationship [or transaction] which is likely to occur, absent the interference, with specificity." *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 546 (D. Md. 2006). Without this showing, it is difficult for the plaintiff to establish the defendant's wrongful intent or motive to damage the plaintiff's prospective business relationships. *Id.*

Here, the Complaint alleges that "Defendant's fraudulent activities interfered with Plaintiff's prospective business advantages" because "[f]or each item Defendant purchased and possessed with the sole intent of receiving price adjustment credits and eventually a full refund of the original sale price, Plaintiff lost possession and control of an item that could have been sold for its full price to a bona fide purchaser." ECF No. 1 ¶ 21. Plaintiff does not identify, however, any specific transactions with bona fide purchasers that did not occur due to Defendant's conduct. *See Baron Fin. Corp.*, 471 F. Supp. 2d at 546 (dismissing a tortious interference claim that alleged "some damage to [the plaintiff's] relationship with some unidentified [third-parties] at some future time in some future business [the plaintiff] might have"). Moreover, Plaintiff makes no allegation that Defendant's "specific purpose [was] to interfere" with Plaintiff's prospective business relationships, and "acts which [only] incidentally affect another's business relationships are not a sufficient basis for the tort." *See Alexander & Alexander*, 336 Md. at 656. Thus, the Complaint does not plead a plausible claim for tortious interference with prospective advantage and Count II must be dismissed.

7

### C. Intentional Misrepresentation, Intentional Misrepresentation – Concealment or Non-Disclosure, and Fraud (Counts III, IV, and V)

To state a claim for intentional misrepresentation, a plaintiff must show "(1) that a representation made by a party was false; (2) that either its falsity was known to that party or the misrepresentation was made with such reckless indifference to truth to impute knowledge to him; (3) that the misrepresentation was made for the purpose of defrauding some other person; (4) that that person not only relied upon the misrepresentation but had the right to rely upon it with full belief of its truth, and that he would not have done the thing from which damage resulted if it had not been made; and (5) that that person suffered damage directly resulting from the misrepresentation." *Brass Metal Prod., Inc. v. E-J Enters., Inc.*, 189 Md. App. 310, 353 (Md. Ct. Spec. App. 2009) (quoting *B.N. v. K.K.*, 538 A.2d 1175, 1182 (Md. 1988)). A fraud claim requires proof of similar elements: "(1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement; and (5) the plaintiff was damaged as a result." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (citations omitted).

Here, Plaintiff alleges that Defendant made false statements of fact when she "requested a full refund for an item on which she already received a price adjustment and/or already returned for a full refund and used a POP from the original full price purchase date to obtain a full price refund," and that "she knew, or should have known" that these representations were false and made them "for the purpose of defrauding Plaintiff." ECF No. 1 ¶¶ 26, 27. Plaintiff alleges further that "[i]n accepting Defendant's POP and assertions as truth, [it] relied on the misrepresentation and had the right to rely on the misrepresentation," and in doing so, "[it] has

suffered damages" amounting to $630,000.00 worth of price adjustments and returns wrongfully obtained by Defendant. *Id.* ¶¶ 6, 28, 29.

Similarly, to state a claim for intentional misrepresentation by concealment or non-disclosure, a plaintiff must prove that "(1) Defendant owed Plaintiff a duty to disclose a material fact; (2) Defendant failed to disclose that fact; (3) Defendant intended to defraud or deceive Plaintiff; (4) Plaintiff took action in justifiable reliance on the concealment; and (5) Plaintiff suffered damages as a result of Defendant's concealment." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 628–29 (D. Md. 2003) (citing *Green v. H & R Block, Inc.*, 355 Md. 488, 525 (1999)). The plaintiff "must prove *either* that Defendant had a duty to disclose a material fact to them and failed to do so, or that Defendant concealed a material fact for the purpose of defrauding Plaintiff." *Id.* (citing *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 551 (D. Md. 1997)).

In the Complaint, Plaintiff asserts that "[w]hen requesting a refund for the amount [she] paid for an item, Defendant had a duty to disclose the true amount [she] paid for the item." ECF No. 1 ¶ 31. Plaintiff also asserts that "[r]ather than disclose the correct amount or inform Plaintiff that she had already received her refund, Defendant produced a proof of purchase for a different transaction in order to obtain a refund in excess of what she was owed." *Id.* ¶ 32. Plaintiff alleges further that Defendant knew Plaintiff "would have acted in a different manner had [it] known of the existence of Defendant's previous price adjustments and/or refund," that it justifiably relied on "the concealment of Defendant's previous price adjustments and/or refund," and that Plaintiff suffered $630,000.00 in damages as a result. *Id.* ¶¶ 6, 33–35.

Although Plaintiff's allegations are sufficient to establish the respective elements of each fraud-based claim, the Court must nevertheless dismiss (without prejudice) Plaintiff's claims for

intentional misrepresentation, intentional misrepresentation by concealment or non-disclosure, and fraud because the Complaint fails to meet the heightened pleading standard of Rule 9(b), which requires that "the circumstances constituting fraud be stated with particularity." *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (citing Fed. R. Civ. P. 9(b)). The circumstances required to be pled with particularity are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [s]he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *see also United States ex rel. Wilson*, 525 F.3d at 379 (to state a claim for fraud under Rule 9(b), a plaintiff must plead with particularity the "who, what, when, where, and how" of the alleged fraud (citation omitted)).

Here, Plaintiff alleges that Defendant engaged in deceptive behavior, ECF No. 1 ¶¶ 9–12, and thereby obtained $630,000.00 at Plaintiff's expense, *id.* ¶ 6, thus sufficiently alleging the "who" and "what" of the fraud-based claims. Plaintiff fails, however, to allege the "when," "where," and "how" with particularity. Rather, Plaintiff describes Defendant's scheme in general terms, links the scheme to a general, two-year time period, and places the scheme at various physical and online locations across the country. *Id.* ¶¶ 6, 7, 10. These general allegations simply do not provide Defendant ample notice "of the particular circumstances for which [she] will have to prepare a defense at trial," or demonstrate to the Court that Plaintiff has "substantial prediscovery evidence" of the facts that support its claims. *See Nat'l Mortg. Warehouse*, 201 F. Supp. 2d at 505. Although Plaintiff need not outline in detail the time, location, and content of all 5,809 fraudulent transactions in which Defendant allegedly engaged, it should allege specific examples of Defendant's misrepresentations. *See Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 474 (D. Md. 2009) (finding that the complaint satisfied Rule 9(b) where it alleged

the general content of the defendants' fraudulent scheme and provided detailed examples of the types of fraudulent activities engaged in by the defendants, including times and locations).[4] Because the claims for intentional misrepresentation, intentional misrepresentation – concealment or non-disclosure, and fraud lack the required particularity, Counts III, IV, and V must be dismissed, but the dismissals are without prejudice.[5]

### D. Statute of Limitation

Finally, the Court will address whether any of Plaintiff's claims are time-barred under the applicable statute of limitation. Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues…" MD. CODE ANN., Cts. & Jud. Proc. § 5-101.[6] Where "knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered, the fraud." *Id.* § 5-203. "In order to invoke the tolling provision, the plaintiff must properly plead fraud with particularity," and the complaint "must also contain specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud,

---

[4] Plaintiff does provide additional specificity in its opposition brief where it describes Defendant's scheme involving a Milka rose gold ring. ECF No. 11-1 at 4. Plaintiff cannot properly amend its Complaint through briefing, *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013), but if similar examples were to be alleged in an Amended Complaint, the fraud-based claims would survive a Motion to Dismiss.

[5] In her opening brief, Defendant states that Plaintiff's failure to plead its claims with particularity may be "grounded in [Plaintiff's] failure to collect, maintain, or preserve evidence relating to transactions about which it complains." ECF No. 10-1 at 9–10. Defendant has not presented any evidence that Plaintiff destroyed or materially altered evidence or that it failed to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The Court will therefore decline to make any finding of spoliation at this time.

[6] In her reply brief, Defendant contends that she "does not know what statute of limitation even applies to the claims in the Complaint": Maryland's three-year limitations period, the District's three-year limitations period, or Virginia's limitations period. ECF No. 12 at 4. As stated above, *supra* n.3, this Court applies the forum state's choice of law rules when exercising diversity jurisdiction. *See Volvo Constr. Equip.*, 386 F.3d at 599–600. Maryland courts apply Maryland law to procedural matters, which include the question of which limitation period applies. *See Turner v. Yamaha Motor Corp.*, 591 A.2d 886, 887–88 (Md. 1991); *Hauch*, 453 A.2d at 1214. Thus, Maryland's three-year limitation period applies in this case.

despite the plaintiff's diligence." *Douglass v. NTI-TSS, Inc.*, 632 F. Supp. 2d 486, 491 (D. Md. 2009) (quoting *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 187 (Md. Ct. Spec. App. 1997)) (internal quotations omitted).

Here, the Complaint alleges conduct that occurred between 2014 and 2016, but Plaintiff did not file its Complaint until October 5, 2018. Thus, under § 5-101, any claims based on conduct that occurred prior to October 6, 2015 are barred unless § 5-203 tolls the filing period. In the Complaint, Plaintiff alleges that Defendant "utilized different modes of requesting price adjustments and returns, switching between online ordering, Customer Care by phone or online, and in-person transactions in stores, to ensure she would not be caught" and "further perpetuated her fraud schemes by visiting numerous of Plaintiff's store locations, including 'Nordstrom' and 'Nordstrom Rack' stores across Maryland, District of Columbia, and Virginia as well as multiple fulfillment centers across the country." ECF No. 1 ¶ 11. It also alleges that "[i]n further efforts to hide her fraudulent activities, Defendant used at least twenty-seven (27) different credit cards, three (3) gift cards, two (2) email addresses, and six (6) online customer profiles," and "[d]ue to this intricate deception created by Defendant, Plaintiff was unable to discover Defendant's fraud scheme until approximately December 2016." *Id.* ¶¶ 13, 14. These allegations show how Defendant's conduct kept Plaintiff from discovering the fraud, but, as discussed above, Plaintiff has not pled its fraud-based claims with particularity and it makes no allegations regarding how it discovered Defendant's fraud or the manner in which it exercised ordinary diligence. Plaintiff has therefore not properly invoked § 5-203's tolling provision, *see Douglass*, 632 F. Supp. 2d at 491, so any claims in the Complaint that are based on conduct that occurred prior to October 6, 2015 are time-barred, subject to additional allegations being presented in an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 10, is granted, and the Complaint is dismissed without prejudice. Defendant's Motion for Extension of Time to File Answer, ECF No. 8, is also granted. A separate Order shall issue.

Date: <u>September   5, 2019</u>                                   <u>   /s/                                        </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge